IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| MARRIOTT HOTEL SERVICES, INC., | ) ) ) | Civil No. 11-00754 SOM/BMK |
| Plaintiff, | ) ) | DECLARATION OF PAUL MAKI |
| vs. | ) ) | |
| AQUA HOTELS AND RESORTS, INC., AQUA HOTELS & RESORTS, LLC, MODERN MANAGEMENT SERVICES, LLC, CHRISTIAN OLES, and DOE DEFENDANTS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF PAUL MAKI

PAUL MAKI verifies, certifies and states:

1.     I am one of the attorneys for defendants AQUA HOTELS AND RESORTS, INC., AQUA HOTELS & RESORTS, LLC, and MODERN MANAGEMENT SERVICES, LLC (hereinafter collectively referred to as "Aqua") and make this declaration to be submitted with Aqua's position regarding plaintiff's motion for protective order.

2.     At the parties' planning meeting in this case, the issues of whether or not a protective order is needed in this case and, if so, its contents were discussed. I came to that meeting with a copy of this Court's standard form of protective order and proposed its adoption for use in this case.

3.      Plaintiff's counsel at that planning meeting stated that there is a need for a "highly confidential" classification of information which would preclude access to such information beyond the parties' attorneys.  In response, both Mr. Richards and I expressed concern that such a provision would seriously hinder our ability to represent Aqua in this case and would prevent us from providing a full and adequate defense to our clients.  On this basis, we rejected the proposal.

4.      As an alternative and in an effort to resolve the issue, I indicated that we would accept a "highly confidential" category of information provided we would be able to disclose such information to a specific and limited number of individuals.  Plaintiff's counsel indicated that they would consider this suggestion.

5.      This case will involve, at least in part, issues regarding the normal and usual standards and practices in the hotel industry and financial and accounting issues relating thereto.  I anticipate that these will involve matters unusual to this industry that I do not have knowledge of and, in order to fully understand the significance of such information, will need to disclose at least some of it to one or more representatives of Aqua.  If I am not able to do, it will prevent me from providing a full and adequate defense on Aqua's behalf.

6.      Plaintiff's proposed protective order will permit disclosure of "highly confidential" information to plaintiff's in-house counsel.  The Aqua parties have no in-house counsel.

2

7.      Attached hereto as Exhibit B is a true and accurate copy of an order amending the protective order by Judge Faris in the bankruptcy proceeding, *In re M Waikiki, LLC*, Case No. 11-02371, entered in that proceeding on May 10, 2012.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 17, 2012, in Honolulu, Hawai`i.

/s/ Paul Maki